**Sylvia MARGOLIS, suing on behalf of herself and of all others similarly situated, Plaintiff,**

**v.**

**REPUBLIC NATIONAL BANK OF NEW YORK and John Does No. 1 through 100, Officers and Directors, Defendants.**

No. 84 Civ. 2060 (WK).

United States District Court, S.D. New York.

May 24, 1984.

Comer & Meyerson by Hal Meyerson, New York City, for plaintiff.

Shearman & Sterling by Charles Parlin, Jr., New York City, for defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Defendants have moved to dismiss the complaint which alleges violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and specifically of the "civil RICO statute," 18 U.S.C. § 1964.

The facts underlying the action are simply stated. From approximately March 1979 to March 1980, defendants ran a series of advertisements for long-term "time accounts." According to the allegations of the complaint—which we take to be true for purposes of this motion—the advertisements led plaintiff to believe that these accounts would yield "the highest interest rate allowed by law." She accordingly opened two such accounts in August 1979, only subsequently to discover that the interest rates were in reality ¼% and 1% lower than the allowable maximum. Plaintiff claims damages of lost interest in the amount of $175.

## DISCUSSION

The only issue before us is whether the injuries alleged by plaintiff are cognizable under the civil RICO provisions. As presented by the parties, this breaks down into two questions: (1) Does that statute require plaintiff to demonstrate a "racketeering enterprise injury"? (2) If so, has plaintiff alleged such an injury? We answer the first question in the affirmative and the second in the negative, and accordingly dismiss the complaint.

**1.** Plaintiff contends that *Laterza v. American*

### 1. Racketeering Enterprise Injury

Under 18 U.S.C. § 1962 liability for a civil or criminal RICO violation must be premised upon the existence of a "pattern of racketeering activity." That term is defined by 18 U.S.C. § 1961(5) as two or more acts—known as "predicate acts"—of "racketeering activity," which latter term is further defined by 18 U.S.C. § 1961(1)(B) as "any act which is indictable under [various] provisions of Title 18, United States Code." Among the provisions so included are 18 U.S.C. §§ 1341 and 1343, relating to wire and mail fraud respectively, both of which statutes the complaint alleges defendant to have violated through its fraudulent advertisements.

The issue here raised is, assuming that defendant has indeed committed these predicate acts of mail and wire fraud, must plaintiff allege an injury attributable to the *pattern* of racketeering allegedly composed of such acts, as opposed to an injury attributable merely to the individual acts themselves?

Our starting point in this inquiry is § 1964's provision that recovery under civil RICO may be had by "any person injured in his business or property *by reason of a violation of Section 1962*" (emphasis added). Although the Court of Appeals for this Circuit has specifically left open the issue of whether or not "standing under 18 U.S.C. § 1964(c) [is limited] to those 'plaintiffs alleging something more, or different, than direct injury resulting from the predicate acts that constitute the racketeering activity'," it has noted that "a growing number of courts [have held that] a plaintiff must allege a commercial or 'racketeering enterprise' injury." *Moss v. Morgan Stanley, Inc.* (2d Cir.1983) 719 F.2d 5, 20 n. 16. It has more recently been observed that "District Courts in the Southern District have, without exception, concluded after reviewing the foregoing statutory language that a RICO plaintiff must allege more than injury from the predicate acts of mail and/or wire fraud," *Furman v. Cirrito* (S.D.N.Y.1984) 578 F.Supp. 1535, 1539.[1] This is, we think, the correct view.

*Broadcasting Co., Inc.* (S.D.N.Y.1984) 581

We are, of course, cognizant of the warnings by the Court of Appeals against unduly limiting the application of the RICO statutes. For example, it has been held that RICO may apply even in the absence of allegations of organized crime activity, and even where the predicate acts constitute no more than a "garden variety" securities action, so long as the various requirements of the statute are met. *Moss v. Morgan Stanley, Inc., supra.* However, we do not think that being warned against imposing limitations upon the statute beyond those present in its language justifies us in expanding its purview beyond its plain meaning. We see no purpose to the above-quoted "by reason of" language except to indicate that the pattern itself as defined by § 1962, as distinguished from the predicate acts of which it is composed, must cause some injury. Conversely, we cannot assume that the Congress would include in the statute language which clearly appears to impose a limitation unless precisely such a limitation were indeed intended.

## 2. The Complaint

■ We turn next to the question of whether plaintiff has met this test. The Court of Appeals for this Circuit has not addressed the issue of what precisely may constitute a "racketeering enterprise injury," nor have the parties cited any authority on this question. We agree that such an injury should not be equated to the sort of "competitive or commercial injury" which must be shown in an antitrust case. This, however, does not address the heart of the problem. It appears to us that to establish injury "by reason of" a pattern of racketeering activity, a plaintiff must at least demonstrate that the existence or effects of such pattern—or some unfair advantage derived therefrom—either caused or in some material way contributed to the injury claimed. This we do not think plaintiff has done in the case at bar.

■ So far as we can determine, the plaintiff does not really deny that her *direct* injury was caused by her having been persuaded by false statements in defendants' advertisements, rather than by any "pattern" of which those advertisements might have been a part. However, she appears to base her claim to *indirect* injury from the pattern on the following syllogism: the allegedly false advertisements had been published for several months before plaintiff took any action; defendant must have gained unlawful revenue from other persons who were deceived by their falsehoods; such unlawful revenue must have been used, in part at least, to finance the false advertisements actually seen by plaintiff; and thus plaintiff was, indirectly at least, injured by the pattern.

Assuming the truth of all the underlying facts, we do not find them sufficient to support plaintiff's conclusion. There is no reason to suppose that the damages claimed to have been suffered by plaintiff ($175 in lost interest) were atypical, or that the total amount derived from the series of advertisements could significantly have affected the defendant's financial ability to carry out this particular advertising campaign.[2] We accordingly conclude any nexus between the alleged pattern and the claimed injury to be *de minimis* at best.

Plaintiff appears further to assert that a RICO injury is established whenever "a civil RICO defendant's ability to harm the plaintiff is enhanced by the infusion of money from a pattern of racketeering activity into the enterprise," *Landmark Savings & Loan v. Loeb Rhoades, Hornblower & Co.* (E.D.Mich.1981) 527 F.Supp. 206, 208, *quoted* in *Hudson v. Larouche* (S.D.N.Y.1983) 579 F.Supp. 623, 630. Neither *Landmark Savings* nor *Hudson,* however,

F.Supp. 408, 414, holds to the contrary. That opinion, however, merely discusses in *dictum* the difficulty of formulating a definition of a "RICO injury" and the absence of such definition in the authorities cited by the parties in that action.

**2.** We note that there has been no discovery on this issue, and that neither party has requested leave to take any in conjunction with this motion. However, this proposition seems sufficiently clear that we do not feel the need to order that discovery be had to enable us to determine the questions before us.

held that such a showing would automatically establish a cognizable RICO claim, but merely offered the above as an example of when "[a] 'racketeering enterprise injury' *might* occur," 527 F.Supp. at 208, 579 F.Supp. at 630 (emphasis supplied). While we agree with this in theory, we hold that no RICO injury has been established in the instant case since the "infusion of money" can, in practical terms, have had no appreciable effect on the "defendant's ability to harm the plaintiff." There being no basis for federal jurisdiction other than RICO, the complaint cannot stand.

Ordinarily—plaintiff not having suggested the availability of any new facts not known to her when she filed her complaint—we might dismiss this action without leave to replead. However, plaintiff concedes her complaint to have been inartfully drawn, and it may be that we have misconceived the theories she expressed in opposition to this motion. To guard against that possibility, leave is granted to replead within twenty days of the date of this Order.

In summary, the complaint is dismissed with leave to replead on or before June 14, 1984. If no new complaint is filed within that time, the Clerk will enter final judgment for defendants.

SO ORDERED.